IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THOMAS REID DECARLO,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-481-GPM |
| | ) |
| **LISA J. W. HOLLINGSWORTH,** | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner Thomas Reid DeCarlo brings this action pro se pursuant to 28 U.S.C. § 2241. Currently DeCarlo is serving a sentence of 293 months' imprisonment in the custody of the Federal Bureau of Prisons for the offense of traveling in interstate commerce with intent to engage in a sexual act with a minor female. DeCarlo was convicted by a jury of violating both 18 U.S.C. § 2241(c), which prohibits interstate travel with the intent to have sex with a child younger than twelve years of age, and 18 U.S.C. § 2423(b), which prohibits interstate travel for the purpose of engaging in "illicit sexual conduct," defined as a sexual act with a person under eighteen years old that violates one of the sections of Chapter 109A of Title 18 of the United States Code, which includes Section 2241(c). *See* 18 U.S.C. § 2423(f). At this time DeCarlo is confined at the United States Penitentiary in Marion, Illinois. In his Section 2241 petition DeCarlo argues that his federal conviction should be vacated because the statutes under which he was prosecuted violate the First Amendment, the Fourth Amendment, and the Fifth Amendment to the Constitution. DeCarlo argues also that the evidence against him at trial was improperly admitted under the

Fourth Amendment and the Fifth Amendment, as well as 18 U.S.C. § 1512, 18 U.S.C. § 1519, 18 U.S.C. § 2517, 18 U.S.C. § 2518, 47 U.S.C. § 605, and Rules 1002 and 1003 of the Federal Rules of Evidence. Finally, DeCarlo argues that Title 18 of the United States Code was never properly enacted into law under Article I of the Constitution and 1 U.S.C. § 106 and thus is invalid. Pursuant to the Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration of a petition for a writ of habeas corpus by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Court can apply this rule to other habeas corpus cases. *See* Rules Governing § 2254 Cases, Rule 1(b), 28 U.S.C. foll. § 2254. After carefully reviewing DeCarlo's petition, the Court concludes that DeCarlo is not entitled to relief and that his petition must be dismissed.

Pursuant to 28 U.S.C. § 2241, "[w]rits of habeas corpus may be granted by . . . the district courts[.]" 28 U.S.C. § 2241(a). Complicating matters, however, is the fact that, as DeCarlo acknowledges in his Section 2241 petition, he previously filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the United States District Court for the Western District of Tennessee, where DeCarlo was sentenced. *See United States v. DeCarlo*, Cv. No. 06-2398-B/V, Cr. No. 03-20093-B, 2007 WL 1345320 (W.D. Tenn. May 7, 2007) (order denying DeCarlo's motion for Section 2255 relief). *See also* 28 U.S.C. § 2255(a) (providing that a motion under Section 2255 to vacate, set aside, or correct a federal sentence may be brought only in the federal trial court where the sentence was imposed). In *Kramer v. Olson*, 347 F.3d 214 (7th Cir. 2003), the United States Court of Appeals for the Seventh Circuit noted that a federal

prisoner usually must challenge his or her sentence under Section 2255. *See id*. at 217 ("Ordinarily § 2255 is the exclusive means for a federal prisoner to attack his conviction."). *See also Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001) ("In general, federal prisoners who wish to attack the validity of their convictions or sentences are required to proceed under § 2255."). As a rule, a federal prisoner may not bring successive challenges to his or her sentence under Section 2255, save with the certification of a federal court of appeals. *See* 28 U.S.C. § 2255(h); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). However, a federal prisoner may bring a petition under Section 2241 to challenge his or her sentence if a Section 2255 motion is "inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e). A motion under Section 2255 is inadequate, for example, when the statutory limit on second or successive motions "prevent[s] a prisoner from obtaining review of a legal theory that 'establishes the petitioner's actual innocence.'" *Kramer*, 347 F.3d at 217 (quoting *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). This provision of Section 2255 is referred to as the statute's "savings clause." *See id*. To raise a challenge to a sentence in a Section 2241 petition where the petitioner already has filed a Section 2255 motion, the petitioner must show (1) the legal theory on which he or she relies depends on a change in the law that postdated the petitioner's Section 2255 motion and would not be allowed in a second or successive petition under the requirements of Section 2255 and (2) the theory supports a non-frivolous claim of actual innocence. *See id*. (citing *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)) ("Every court that has addressed the matter has held that § 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when as in *Davenport* the claim being foreclosed is one of actual innocence.").

In this instance, the legal theories upon which DeCarlo relies in his petition under 28 U.S.C. § 2241, outlined above by the Court, do not rely upon changes in the law that postdate his earlier motion under 28 U.S.C. § 2255, and instead DeCarlo relies upon specious theories, constitutional and otherwise, that could have been asserted in his Section 2255 motion, some apparently of DeCarlo's own devising, others (such as the argument that Title 18 of the United States Code was never constitutionally enacted into law) perennial favorites of jailhouse lawyers. *See, e.g., United States v. Chillemi*, No. CR-03-0917-PHX-PGR., No. CV-07-0430-PHX-PGR (JI), 2007 WL 2995726, at *6 (D. Ariz. Oct. 12, 2007) (rejecting a Section 2255 movant's argument that "his entire prosecution was without legal authority" because "the whole of the federal criminal code has not been properly enacted into law[.]"); *United States v. Davis*, No. 107-CR-63, 2007 WL 2317246, at **2-3 (E.D. Tex. Aug. 8, 2007) (rejecting a criminal defendant's motion to dismiss the indictment against him on the grounds that the statute under which he was being prosecuted, 18 U.S.C. § 13, had never been validly enacted by Congress); *United States v. Siegelman*, Case No. 2:05-CR-119-MEF-CSC, 2007 WL 1284276, at *1 (M.D. Ala. Apr. 30, 2007) (stating that "even the briefest of forays into the electronic databases available for legal research yields a long list of judicial opinions that have considered and rejected" the argument that "18 U.S.C. § 3231, the statute which gives the district courts of the United States original jurisdiction over all offenses against the laws of the United States, was not properly enacted.") (collecting cases); *Campbell v. Gonzalez*, Civil Action No. 07-CV-36-GFVT, 2007 WL 1035021, at *1 (E.D. Ky. Mar. 29, 2007) (rejecting a Section 2241 petitioner's claim that "the respondents have no authority to hold him in custody because 'Public Law 80-772 was never voted into law by the Senate during any session of the 80th Congress,' thereby making '18 U.S.C. §§ 3621-4081, *et seq.*, those

laws which govern places of imprisonment and classification to prisoners unconstitutional and void ab initio.'"). DeCarlo's Section 2241 petition is due to be dismissed.[1]

To conclude, the Court finds that the petition in this case does not withstand preliminary consideration, and therefore this action is hereby **DISMISSED with prejudice**. The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: December 10, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

[1]. The Court notes that occasionally a case involving an insufficient petition for habeas corpus relief is recast as a civil-rights action, and vice versa, a practice that the Seventh Circuit Court of Appeals discourages. *See Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). The Court sees no reason to convert this case to an action brought pursuant to the doctrine of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).